

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

August 15, 1974

The Honorable Dan Kubiak
House of Representatives
Capitol Station
Austin, Texas 78767

Opinion No. H- 371

Re: Whether former participant in Texas Teacher Retirement System, who declined at the time to exercise option to participate .in Optional Retirement System, may upon return to teaching after educational absence elect to participate in the Optional System.

Dear Mr. Kubiak:

The question is whether under certain circumstances a teacher who returns to teaching in Texas has an option to participate in the Optional Retirement System or is limited to participation in the Texas Teacher Retirement System.

The facts, as they have been presented, are that the teacher in question was a faculty member at a state supported institution of higher education during the school year from September,1971, through May, 1972. The Optional Retirement System had become available to faculty members of this institution on Sept. 1, 1971 and we understand the teacher in question was advised of her option to participate in the System. She refrained from exercising this option, electing to continue membership in the Texas Teacher Retirement System. We understand that because the teacher lacked an advanced degree her employment terminated at the end of the 1971-1972 school year and she withdrew all contributions she had made into the Teacher Retirement System. Thereafter she completed her advanced degree work, and in September,1973, she was again employed as a teacher in the same Texas state-supported institution of higher education in Texas.

The controlling statute is Section 51.355, Texas Education Code (formerly Art. 2922-1i, Sec. 5, V.T.C.S.) which provides as follows:

A faculty member who becomes eligible to participate in the optional retirement program and who is a member of the retirement system is hereby extended the option of continuing his membership in the retirement system or participating in the optional retirement program as hereinafter set forth. A faculty member who is eligible to participate in the optional retirement program on the date the optional retirement program becomes available at the institution of higher education at which he is employed, no later than the 1st day of August of the calendar year following the date on which the optional retirement program becomes available at the institution of higher education at which he is employed, shall elect to participate or not to participate in the optional retirement program. A faculty member who becomes eligible to participate in the optional retirement program subsequent to the date on which the optional retirement program becomes available at the institution of higher education at which he is employed shall make such election within 90 days following the date on which he becomes eligible to participate in the optional retirement program. A faculty member exercising the option to participate in the optional retirement program shall not thereafter be eligible for membership in the retirement system unless he ceases to be employed by the Texas Public School System other than in an institution of higher education. A faculty member not exercising the option to participate in the optional retirement program shall be deemed to have chosen to continue membership in the retirement system in lieu of exercising the option to participate in the optional retirement program. (emphasis added.)

We presume that the teacher in question during her original employment and at the present time has qualified as a "faculty member" for purposes of Section 51.355, Texas Education Code. She was eligible to participate in the Optional Retirement System during her original tenure in 1971-1972 if she exercised her option on or before August first, 1972. Clearly the explicit language of Section 51.355 provides for only one election, not a series of elections, regardless of the circumstances.

The Optional Retirement Act has been amended several times since the issuance of Opinion No. M-1027 (1971) construing the statute, (then Article 2922-1i) as permitting an election only once. (In addition to the repeal and codification in 1971 referred to previously herein, see Acts 1973, 63rd Leg., p. 1368, ch. 521). The Legislature could have provided for a series of elections but has not done so.

It is also noteworthy that the Legislature has provided for re-instating membership and service credits in the Teacher Retirement System after an absence (see particularly Sections 3.25 and 3.26, Texas Education Code) and even for retaining membership in either of the retirment systems during educational leaves, (see Secs. 51.101 through 51.108, Texas Education Code). These provisions demonstrate legislative awareness in this area. Therefore the absence of provisions for more than one election forces the conclusion that only one opportunity to make an election between retirement systems was intended and that such an election, once made during the prescribed period, is considered binding on the individual teacher.

This construction of the statutory scheme draws further support from the provisions of Section 51.355 dealing with the converse situation where the faculty member initially elects to participate in the Optional Retirement System. The statute provides that ". . . A faculty member exercising the option to participate in the optional retirement program shall not thereafter be eligible for membership in the retirement system unless he ceases to be employed by an institution of higher education and becomes employed by the Texas Public School System other than in an institution of higher education." Had the teacher in question opted in 1971-1972 to participate in the Optional Retirement System it would appear

that she would be bound by that election upon her return to teaching.   By the explicit language of Section 51.355 she would have been ineligible for membership in the Teacher Retirement System and no second election would have been available.   Logically her election not to participate and thereby to remain in the Teacher Retirement System would be judicially construed as binding on her.   In our opinion she would not be held entitled to a second election.

SUMMARY

Section 51.355, Texas Education Code, affords an opportunity for a faculty member to elect participation in the Optional Retirement System and a faculty member who fails to exercise the option when first available does not have a right to a second opportunity to exercise that option upon returning to teaching in Texas after terminating previous employment and leaving the state to secure an advanced degree.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee

lg